3/2/2026 11:32 AM
26CV10460

IN THE SUPERIOR COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

|  |  |  |
|---|---|---|
| JOHN BAUMAN and DEBRA BAUMAN,<br><br>                              Plaintiffs,<br><br>      v.<br><br>STATE FARM FIRE & CASUALTY<br>COMPANY,<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>COMPLAINT<br><br>(Breach of Contract, Breach of Duty of<br>Good Faith and Fair Dealing, Negligence)<br><br>NOT SUBJECT TO MANDATORY<br>ARBITRATION<br><br>Amount of Claim $ 300,000.00<br><br>Filing fee:  $ 594.00<br>ORS 21.160(1)(d) |

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS AND CLAIMS

### Parties

1.

Plaintiffs are husband and wife and the owners of a rental property located at 4932 NE 7th in

Portland, Oregon.

2.

Defendant, State Farm Fire & Casualty Company (State Farm) is a  foreign insurer doing

business in Oregon as a property and casualty insurer.

1 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115

Exhibit 1- Pg 001 of 010

## Jurisdiction and Venue

### 3.

This court has personal and subject matter jurisdiction and venue is proper in this county.

Plaintiff has fulfilled all conditions precedent to bringing suit and this case is timely filed.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

### 4.

Plaintiff incorporates the previous allegations as if set forth herein.

### 5.

Plaintiffs purchased an insurance policy covering a rental property they owned in Portland, Oregon. The policy number on the policy issued by Defendant is 97CPM2653. On or about April 6, 2025 Plaintiffs experienced a covered property loss to their rental property from vandalism and water damage. Plaintiffs promptly reported the loss to Defendant and it opened up a claim, no. 37-83=B9-97T. Dennis Phipps, Defendant's claims adjuster, later admitted that most of the claim was covered under the policy, stating in an email on May 30, 2025:

> " I hope this email finds you well, per our conversation this afternoon as requested a summary of the coverage discussion is as follows. The damages caused directly by vandalism have been reviewed and will be covered which will include the damages to the basement level drywall, ceiling, carpet, windowsills, and bathroom in basement level. The damages to the main level bathroom will also be covered due to the vandalism damages of the overflowing toilet from the bathroom upstairs, this will include the ceiling and walls in the main level bathroom along with all other items damaged in the bathroom due to water from above."

### 6.

In that same email, Mr. Phipps stated his belief that some of the damage was not covered, namely:

2 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115

Exhibit 1- Pg 002 of 010

"The damages observed to the subflooring below the bathroom upstairs and the damages observed to the flooring of the upstairs bathroom will not be covered. The estimate will be completed for the repairs of the covered areas which will include the basement level and main level bathroom."

7.

Mr. Phipps gave no analysis or explanation why Defendant would consider damage to the bathroom floor to be covered but the subflooring directly beneath it and similarly affected would not be covered. There does not appear to be any exclusions for subfloors in the policy, indicating that this was an arbitrary effort to reduce the amount of damage Defendant would be responsible to pay.

8.

Defendant was also notified that the siding was also damaged. Defendant did not address that damage, nor did Defendant address lost rent which is covered under the Loss of Use Coverage in the policy.

9.

Defendant underestimated the extent of the damage and was advised that the damage was more extensive than Defendant acknowledged. Defendant owed Plaintiffs a duty to conduct a reasonably prompt investigation of the claim and adjust the claim promptly, and without unnecessary delay. State Farm did not complete its investigation and damage assessment for weeks and continued to persist in under-estimating the claim.

10.

Because of the Plaintiffs' disagreement with Defendant concerning the amount of loss, Plaintiffs hired a public insurance adjuster to serve as an appraiser. In September 2025 Plaintiffs sent a written demand for appraisal of the loss to Defendant, which is their right under the policy and Oregon law. Defendant refused to submit to appraisal even though appraisal is mandatory under the

3 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115

Exhibit 1- Pg 003 of 010

policy and ORS 742.232, which states:

> "A fire insurance policy shall contain a provision as follows: "In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting the appraiser and the expenses of appraisal and umpire shall be paid by the parties equally."

11.

State Farm breached its policy in a number of ways including, without limitation, that it 1) refused to restore the unit to pre-loss condition; 4) under-estimated the value of the loss; 3) continued to lowball the Plaintiffs and refused to pay for the needed scope of the repairs and loss of use benefits for which Plaintiffs had paid. Defendant also violated ORS 742.232 by refusing to submit to mandatory appraisal of the amount of loss.

12.

State Farm's breach of the insurance contract with Plaintiff has been deliberately calculated to give it a stronger negotiation position by denying payment to repair the home to pre-loss condition for months. Plaintiffs suffered damages as a result of State Farm's breach of contract in an amount to be proven at trial but believed to be in excess of $ 100,000.00.  Because Plaintiffs' damages are capable of determination by simple mathematical computations, Plaintiffs are entitled to pre-judgment interest commencing one month from date of loss until the claim is paid.

4 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854   208-262-8115

Exhibit 1- Pg·004 of 010

13.

Plaintiffs are also entitled to recover their costs and reasonable attorney fees in this action under ORS 742.061(1).

**SECOND CAUSE OF ACTION**
**Breach of the Duty of Good Faith and Fair Dealing**

14.

Plaintiffs incorporate the allegations in paragraphs 1 - 12 above as if set forth here in full.

15.

ORS 731.008 provides that "The Insurance Code is for the protection of the insurance - buying public." ORS 731.016 mandates that the Insurance Code shall be "liberally construed" to further that purpose. Oregon has adopted portions of the National Association of Insurance Commissioners' Model Acts, including a version of the Unfair Claim Settlement Practices Act found at ORS 746.230 and 746.240.

16.

ORS 746.230 sets forth a standard of practice insurers must follow in adjusting property claims. The statute provides in pertinent part:

**746.230 Unfair claim settlement practices.**
(1) An insurer or other person may not commit or perform any of the following unfair claim settlement practices:

(a) Misrepresenting facts or policy provisions in settling claims;
(b) Failing to acknowledge and act promptly upon communications relating to claims;
(c) Failing to adopt and implement reasonable standards for the prompt investigation of claims;
(d) Refusing to pay claims without conducting a reasonable investigation based on all available information;
(e) Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted;

5 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854   208-262-8115

Exhibit 1- Pg 005 of 010

(f) Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;

(g) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants;

(h) Attempting to settle claims for less than the amount to which a reasonable person would believe a reasonable person was entitled after referring to written or printed advertising material accompanying or made part of an application;

(i) Attempting to settle claims on the basis of an application altered without notice to or consent of the applicant;

(j) Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;

(k) Delaying investigation or payment of claims by requiring a claimant or the claimant's physician, naturopathic physician, physician assistant or nurse practitioner to submit a preliminary claim report and then requiring subsequent submission of loss forms when both require essentially the same information;

(l) Failing to promptly settle claims under one coverage of a policy where liability has become reasonably clear in order to influence settlements under other coverages of the policy;

(m) Failing to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of a claim; or

(n) Any of the practices described in ORS 746.233.

17.

ORS 746.240 provides:

> **"746.240 Undefined trade practices injurious to public prohibited.** No person shall engage in this state in any trade practice that, although not expressly defined and prohibited in the Insurance Code, is found by the Director of the Department of Consumer and Business Services to be an unfair or deceptive act or practice in the transaction of insurance that is injurious to the insurance-buying public."

18.

These statutes establish a standard of care for insurance companies doing business in Oregon, independent of contract or policy provisions. Violations of the statutes breach the standard of care and are evidence of an insurer's lack of good faith. Defendants breached one or more th

19.

This insurance contract, like every contract in the State of Oregon, contains an implied

6 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115

Exhibit 1- Pg 006 of 010

covenant of good faith and fair dealing requiring the parties to the contract to perform their

obligations in actual good faith. Defendants breached the duty of good faith and fair dealing in

several ways, including:

1) refusing to promptly analyze and evaluate the proper scope of repairs needed to restore Plaintiffs' property to pre-loss condition;
2) refusing to replace the property with property of like kind and value;
3) engaging in conduct designed to cause Plaintiff to suffer financial hardship, emotional distress, stress and anxiety, such as paying fewer benefits that Plaintiffs were entitled;
4) engaging in fraudulent and dishonest conduct, misrepresenting Plaintiffs rights-under the contract;
5) refusing to communicate with Plaintiffs' public adjuster, and to provide requested information; and
6) refusing to honor its contract and to submit to appraisal, knowing that it had short paid the claim by over $ 100,000.00.
7)

20.

Defendants' acts and omissions were motivated by bad faith and ill will, and the desire to

unjustly enrich itself at the expense of its insureds. Defendants placed their own interests above

those of the insureds and it deliberately cheated its insureds out of benefits, for which the Plaintiffs

had paid premiums to purchase. Defendants' actions were outrageous and went beyond the bounds

of socially tolerable conduct.

21.

As a result of Defendant's breaches of the contractual duty of good faith and fair dealing,

Plaintiffs incurred economic damages for the cost to repair and restore their property to pre-loss

condition in an amount to be proven at trial, but believed to exceed $ 100,000.00. Plaintiffs also

incurred non-economic damages for stress, anxiety, worry, inconvenience and hardship related to

Defendants' conduct. Plaintiffs were forced to live in the house with a damaged kitchen and utility

room through two Christmas seasons and the remaining interval of months, while Defendants tried

to lowball this insurance claim and deny Plaintiffs the benefits, for which they had paid, and to which they were entitled, under Oregon law and the policy. Plaintiffs' non-economic damages are in an amount to be proven at trial but believed to exceed $ 100,000.00 for each Plaintiff.

22.

Plaintiffs are entitled to prejudgment interest at the statutory rate of 9 percent under ORS 82.010, commencing 30 days after the date of loss, until paid. Plaintiffs are also entitled to recover their costs and reasonable attorney fees from Defendants pursuant to ORS 742.061(1).

## THIRD CLAIM FOR RELIEF
### Declaratory Relief

23.

Plaintiffs incorporate the allegations in paragraphs 1-12 above.

24.

The insurance policy issued to Plaintiff contained an appraisal provision governed by ORS 742.232, which provides:

> **742.232 Appraisal.** A fire insurance policy shall contain a provision as follows: "In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, **on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand**. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. **An award in writing**, so itemized, of any two when filed with this company **shall determine the amount of actual cash value and loss.** Each appraiser shall be paid by the party selecting the appraiser and the expenses of appraisal and umpire shall be paid by the parties equally."

8 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115

Exhibit 1- Pg 008 of 010

25.

ORS 742.232, and the appraisal process it calls for, are the product of a legislative policy to provide an informal process to determine the value of an insurance claim quickly and with a minimum of expense. The statute, and the legislatively mandated language in Oregon insurance policies, obligates an insurer receiving the demand for appraisal to appoint an appraiser within twenty (20) days and cooperate in meeting to resolve the conflict concerning the value of the claim.

26.

Plaintiffs have invoked their rights under the appraisal provisions of the policy and ORS 742.232, and demanded that Defendant submit to appraisal to value the claim. Even though Defendant's submission to appraisal is mandatory under Oregon law, Defendant has not submitted to appraisal at the time this complaint is filed and will presumably refuse to submit unless ordered by this court.

27.

When the appraisal is concluded, pursuant to the policy Defendants are obligated to pay the amount of the appraisal award pursuant to the Loss Payment provision of the policy. If Defendants do not pay the award, Plaintiffs are entitled to confirm the amount of the appraisal award as the damages in this case and seek entry of judgment in their favor.

28.

Oregon has adopted a Declaratory Judgment Act which provides in pertinent part:

> **"ORS 28.010 Power of courts; form of declaration.** Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and

9 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115

Exhibit 1- Pg 009 of 010

effect of a judgment.

**28.020 Declarations as to writings and laws.** Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and
obtain a declaration of rights, status or other legal relations thereunder.

**28.030 Construction of contract before or after breach.** A contract may be construed either before or after there has been a breach thereof."

29.

Because Defendant and Plaintiffs disagree as to the amount of loss, there is an actual and justiciable controversy concerning Plaintiffs' rights under their homeowner's insurance policy and ORS 742.232, which dispute is capable of resolution through judicial action.

30.

Plaintiffs are entitled to recover costs and attorney fees pursuant to ORS 28.100 and ORS 742.061(1) in the event that declaratory relief is necessary to obtain the recovery resulting from the appraisal proceedings.

## DEMAND FOR JURY TRIAL

Plaintiff demands a 12 person jury trial of all issues so triable.

DATED this 27th day of February 2026

___/s Kelly Vance___
CALVIN P. "KELLY" VANCE,
Attorney at Law
OSB # 961225

10 Vance Law Office
1066 S. Breezy Way
Post Falls, ID 83854    208-262-8115·

Exhibit 1- Pg 010 of 010